## P. GANDIA & CO. et al. v. ARMOUR FERTI-LIZER WORKS.
### No. 2358.

Circuit Court of Appeals, First Circuit.
June 5, 1930.

Henri Brown, of San Juan, Porto Rico, for appellants.

Nelson Gammans, of New York City, for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This action was brought July 12, 1928, by the Armour Fertilizer Works, a New Jersey corporation, against P. Gandia & Co., a partnership organized under the laws of Porto Rico, with its domicile and principal place of business at San Juan. It was composed of Pedro Gandia, Gervasio Gandia, and Pedro Gandia, Jr., citizens of the United States, residents of and domiciled in Porto Rico.

In paragraph 1 of the complaint it was alleged that the plaintiff was a New Jersey corporation.

In paragraph 2, that Gandia & Co. was a partnership, setting out its members.

In paragraph 3, that the three defendants, naming them, were citizens of the United States, residents of and domiciled in Porto Rico.

In paragraph 4, that the amount in controversy exceeded $3,000, exclusive of interest and costs.

In paragraph 5, that on November 20, 1919, the plaintiff made and entered into a contract with the defendant P. Gandia & Co.; that Exhibit A attached was a true copy of the contract and was made a part of the complaint; that in the contract "the plaintiff agreed to furnish to the defendant P. Gandia & Company, as its consignee and sales agent, certain fertilizers to be sold for its account, which fertilizers the defendant * * * agreed to sell for the account of the plaintiff, all upon certain terms and conditions as in said contract more particularly set forth."

In paragraph 6, "that on or about March 1, 1920, the defendants Pedro Gandia, Gervasio Gandia and Pedro Gandia, Jr., duly signed, executed and delivered to the plaintiff for value a certain document of guaranty, of which a true copy is hereto attached marked 'Exhibit B' and made a part of this complaint, wherein and whereby the said defendants jointly and severally promised to pay the plaintiff at maturity all notes given by the defendant P. Gandia & Company to the plaintiff in connection with sales made under the said contract, Exhibit A, and further agreed to waive any prior proceedings against the party or parties primarily liable upon the said notes."

In paragraph 7, as amended, "that the plaintiff furnished fertilizers to the defendant P. Gandia & Company in accordance with the contract Exhibit A hereto attached and received from the defendant P. Gandia & Company and now holds and is the owner of certain negotiable promissory notes executed by the said defendant P. Gandia & Company for fertilizers so delivered to the said defendants and sold for the account of the plaintiff, upon the terms and conditions as more particularly set forth in the contract marked 'Exhibit A' herein, each of which notes is payable to the order of the plaintiff at San Juan, Porto Rico, with interest at the rate of six percent (6%) per annum from its due date until the payment thereof; that the total amount of said notes so held by the plaintiff is the sum of $128,076.34 and that a true and correct list thereof is hereto at-

tached marked 'Exhibit C' and made a part of this complaint."

In paragraph 8, "that the interest upon said notes hereinbefore referred to and listed in Exhibt C computed at the rate of six per-cent (6%) per annum to the date of this com-plaint is the sum of $53,855.90."

In paragraph 9, as amended, "that the defendant P. Gandia & Company has paid or caused to be paid to the plaintiff on account of the principal and interest of the notes list-ed on Exhibit C the sum of $104,541.65 in va-rious payments as set forth in Exhibit D hereto attached and made a part of this com-plaint, etc."

In paragraph 10, as amended, "that the interest upon the payments set forth in Ex-hibit D computed at the rate of six percent (6%) per annum from the respective dates upon which said payments were made and up to the date of this complaint is the sum of $36,438.74."

In paragraph 11, as amended, "that there is now due and owing by the defendants jointly and severally to the plaintiff the sum of $40,951.85 on account of the notes and in-terest thereon referred to."

In their answer, the defendants admitted the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, and 8, and denied the allegations in paragraph 9, as to the amount paid upon the notes, and alleged "that the sum paid or caused to be paid by the defendant P. Gandia & Co. to the plaintiff, to apply on account of the notes referred to, is $157,339.51." As to the tenth paragraph, the defendants denied "that the interest upon the payment made by the defendant P. Gandia & Co. to the plaintiff * * * is the sum of $36,438.74"; and al-leged "that the interest upon the payments * * * is $50,195.79." It also denied the allegations of paragraph 11, as to the amount due on account of the notes and interest.

For a second defense it set up a counter-claim, in which it alleged the making of the contract of November 20, 1919, wherein the plaintiff agreed to deliver to the defendant fertilizer to be sold for the account of the plaintiff on commission, as more particularly set out in Exhibit A attached to the com-plaint. It also set out the making of the con-tract of guaranty of March 1, 1920, signed and sealed by the individual defendants, and alleged that it was "duly signed, executed and delivered to the plaintiff" by the defendant for fertilizers delivered to it and sold for the account of the plaintiff; and that the amount of the notes was $128,076.34 and that the de-fendant had paid the plaintiff on account of the notes $157,339.51; that the interest upon the payments made by the defendant was $50,195.79; and that there was a balance due the defendant of $25,603.06.

At the close of all the evidence the de-fendant requested the court to direct the jury to return a verdict in its favor. Thereupon the plaintiff requested the court to direct the jury to return a verdict in its favor. The court directed the jury to return a verdict for the plaintiff in the sum of $40,951.85; and a verdict therefor having been returned, judg-ment was entered for the plaintiff, from which this appeal is taken.

Among the errors assigned and relied up-on by the defendants are the following: (1) That the court erred in ruling that the bur-den of proof on the issue of payment was on the defendants; (2) in denying their motion for a directed verdict at the close of the evi-dence; and (3) in directing a verdict for the plaintiff.

■ As to the first assignment of error it may be said that the defendants not only alleged payment in their answer but in their counter-claim, and that the burden of that issue was upon them. This is the generally recognized rule. Kendall v. Brownson, 47 N. H. 186.

■ In support of its second assignment the defendants apparently proceed upon the theo-ry that the plaintiff's suit was based upon the contract of guaranty; that no consideration for the guaranty was alleged or proven; and that such being the situation, the plaintiff had failed to state or make out a case, and a ver-dict should have been directed for the de-fendant. We can hardly believe that this contention is seriously made. The action is not brought to recover for a breach of the contract of guaranty, but upon certain nego-tiable notes, some 88 in number, which the defendants in their answer admit their firm executed and delivered to the plaintiff, and that they were given for fertilizer consigned to and sold by their firm for the plaintiff's benefit. If the contract of guaranty had been sued on, the objection here taken would be unavailing, for in paragraph 6 of the com-plaint the plaintiff alleges that the defend-ants "duly signed, executed and delivered to the plaintiff for value" the contract of guar-anty; and the defendants admitted this in their answer and asserted it to be true in their counterclaim. In view of the allegations in the complaint, all of which were admitted in their answer or alleged to be true in their

counterclaim, except that the defendants asserted that the sums conceded by the plaintiff to have been paid on the notes were too small, nothing remained for the plaintiff to do, to make out a prima facie case, but to introduce its notes in evidence, which it did; for the amounts called for by the notes and the interest thereon were conceded. It then became incumbent upon the defendants to prove that they had made payments upon the notes in excess of the sum which the plaintiff conceded that they had made. And in case it failed to do so, nothing remained for the court to do but to direct a verdict for the plaintiff on the conceded and proved facts.

It was the opinion of the court below that the defendants had submitted no evidence from which the jury would be warranted in finding that they had made payments' on the notes in excess of the sum the plaintiff conceded they had made. We think the District Court was right in so ruling.

The judgment of the District Court of Porto Rico is affirmed, with costs to the appellee.